IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AUBRY STONE, et al.,

      Plaintiffs,                           No. CIV 09-428 KJM

    vs.

NATIONAL CITY MORTGAGE,

      Defendant.                         ORDER

/

        Defendant's motions to dismiss and to strike are pending before the court. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Plaintiffs allege claims under the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Credit Reporting Act ("FCRA") and state law claims under the California Unfair Competition Law ("UCL"), Business and Profession Code § 17200 et seq. and for breach of the covenant of good faith and fair dealing.

        Defendant contends plaintiff's claim for rescission under TILA is barred because this action was filed more than three years after the loan was transacted. An action for rescission must be brought within three years after the date of consummation of the transaction. Title 15 of the United States Code, Section 1635(f) sets an absolute limit on rescission actions. See Beach

1

1  v. Ocwen Federal Bank, 523 U.S. 410, 417-419 (1998) (subsection (f) is statute of repose in that
2  it governs the duration of the right to rescind); see also King v. State of Cal., 784 F.2d 910, 913
3  (9th Cir. 1986).  The loan at issue here was transacted on November 30, 2005.  See Def't's Ex. A
4  (executed notice of right to cancel).  The pending action was not filed until February 11, 2009,
5  more than three years later.  The claim for rescission is thus time barred.

6          Plaintiffs also allege that defendant violated 15 U.S.C. § 1641(f)(2).  Plaintiffs
7  contend defendant violated this section by not providing the name, address, and telephone
8  number of the owner of the obligation after plaintiffs requested this information in a letter dated
9  November 26, 2008.  Am. Compl., Ex. B.  Plaintiff alleges defendant is a servicer of the loan but
10  qualifies this allegation by stating the true status of defendant is unknown.  Id. ¶ 32.  Regardless
11  of the status of defendant, liability cannot lie under section 1641(f)(2).  Subsection (f)(2) requires
12  the servicer to provide the name, address and telephone number of the owner of the obligation.
13  That subsection further provides that a servicer is expressly exempted from being considered as
14  the owner of the obligation.  TILA, however, establishes a private right of action and provides
15  for statutory damages for violations of TILA only against the creditor (the owner of the
16  obligation) and assignees.  15 U.S.C. § 1640(a).  Injunctive relief is not a remedy provided in the
17  statute and should not be read into it.  See Transamerica Mortgage Advisors, Inc. v. Lewis, 444
18  U.S. 11, 19 (1979) ("elemental canon of statutory construction that where a statute expressly
19  provides a particular remedy or remedies, a court must be chary of reading others into it"); see
20  also Religious Technology Center v. Wollersheim, 796 F.2d 1076, 1088 (9th Cir. 1986) (no
21  private right to injunctive relief under civil RICO).  Thus, section 1640(a) precludes an action
22  against a servicer, whether plaintiff seeks damages or injunctive relief.   To the extent plaintiff
23  argues alternatively that defendant is not a servicer, then section 1641(f)(2) is inapplicable in that
24  obligations are imposed under this section only on servicers.

25          Plaintiff's claims under RESPA are similarly deficient.  Title 12 of the United
26  States Code, Section 2605(e)(1) requires the servicer to provide information relating to the

1  servicing of the loan upon a qualified written request by the borrower.  Even if the November 26,
2  2008 letter comports with the requirements for a qualified written request,[1] plaintiff concedes
3  that information relating to the servicing of the loan was provided.  See Am. Compl., Ex. D; 12
4  U.S.C. § 2605(i)(3) (RESPA defines "servicing" as receiving or paying any scheduled periodic
5  payments pursuant to the terms of the loan).  In addition, section 2605(b) provides that "[e]ach
6  servicer of any federally related mortgage loan shall notify the borrower in writing of any
7  assignment, sale, or transfer of the servicing loan to any other person."  Plaintiffs, however, fail
8  to allege what actual damages they suffered as a result of a failure of notice under subsection (b).
9  See 12 U.S.C. § 2605(f).  For these reasons, plaintiffs fail to state a claim under RESPA.

10  Plaintiffs' claim under the UCL, Cal. Bus. & Prof. Code § 17200 et seq., is
11  predicated on the same conduct giving rise to the TILA and RESPA claims.  Because plaintiffs
12  fail to state a claim under those statutes, plaintiffs' UCL claim fails as well.  Moreover,
13  plaintiffs' UCL claim is preempted.  See Nava v. Virtual Bank, 2008 WL 2873406, at *7
14  (E.D.Cal. 2008) (plaintiff's UCL claim based on violation of TILA preempted).

15  Plaintiffs also allege that defendant violated the Fair Credit Reporting Act, 15
16  U.S.C. § 1681 et seq.  Plaintiffs contend that since they have rescinded their loan, defendant is
17  prohibited from reporting any delinquency.  As discussed above, any claim for rescission is time
18  barred.  Moreover, plaintiff's claim lies under 15 U.S.C. § 1681s-2(a), which provides that
19  furnishers of information to consumer reporting agencies shall not furnish inaccurate
20  information.  Under 15 U.S.C. §§ 1681 s-2(c) and (d), enforcement of violations of § 2(a) (the
21  duty to provide accurate information) is limited exclusively to certain state and federal officials.
22  Consequently, courts consistently have held that there is no private action for violations of
23  section 1681s-2(a).  See Gorman v. Wolpoff & Abramson, LLP, 552 F.3d 1008 (9th Cir. 2009)

---

[1] The letter does not constitute an unqualified rescission.  The letter invites a counter proposal and indicates the loan will be rescinded only if settlement negotiations fail.  Am. Compl., Ex. B at 4.

1  (section 1681s-2 limits private right of action to claims arising under subsection (b), the duties
2  triggered upon notice of a dispute from a credit reporting agency).  Plaintiff cannot, therefore
3  state a claim under the FCRA.

4          Finally, plaintiffs allege that defendant breached the implied covenant of good
5  faith and fair dealing.  Under California law, the existence of a contractual relationship is a legal
6  and factual predicate of a claim for breach of implied covenant of good faith and fair dealing.
7  <u>Villa v. McFerren</u>, 35 Cal.App.4th 733 (1995).  Here, plaintiffs do not allege the existence or
8  nature of any contractual relationship between themselves and the defendant servicer.  As a
9  result, the complaint fails to plead sufficient facts under this theory.

10         Accordingly, IT IS HEREBY ORDERED that:
11     1. Defendant's motion to dismiss (docket no. 22) is granted;
12     2. Defendant's motion to strike (docket no. 23) is denied as moot; and
13     3. This action is dismissed.
14 DATED: October 5, 2009.

_____
U.S. MAGISTRATE JUDGE

006
stone.oah